**CHANNEL MASTER CORPORATION, Plaintiff,**

v.

**JFD ELECTRONICS CORPORATION, University of Illinois Foundation, and University of Illinois, Defendants.**

**No. 66–C–416.**

United States District Court

E. D. New York.

Jan. 13, 1967.

Darby & Darby, New York City, for plaintiff. Morris Relson, New York City, of counsel.

Ostrolenk, Faber, Gerb & Soffen, New York City, for defendant JFD Electronics Corp. Sidney G. Faber, New York City, of counsel.

BARTELS, District Judge.

Plaintiff moves to reargue that portion of the decision of this Court granting defendant's motion to dismiss Count I of the complaint for lack of an indispensable party. Defendant counters with a motion to reargue the other portion of the decision which denied its motion for a change of venue to the Northern District of Illinois. Almost simultaneously plaintiff filed an amended complaint with Counts I and I-A, again seeking a declaratory judgment as to the invalidity of the patent upon which defendant's license is predicated. This was followed by an other motion by the defendant to dismiss Counts I and I-A of the amended complaint.

### I

The plaintiff's grounds for reargument are that the Court failed to (1) consider the effect of Independent Wireless Telegraph Co. v. Radio Corporation of America, 1926, 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357, "over the authorities relied upon by the Court", and (2) "recognize that a limited-field exclusive license and a limited-territory exclusive license are equivalent in all respects". While a reading of the Court's opinion will disclose no such failure, further elucidation will clarify the Court's position.

██ The difficulty with plaintiff's position is its failure to distinguish between (1) an express agreement pursuant to which the patent owner gives a licensee an unconditional right to institute an infringement action and thus place in issue before the Court the question of the validity of the patent, and (2) a power of attorney implied by law to bring such an action conditioned upon the prior refusal of the patent owner to do so. In the first case the patent owner has voluntarily given to another the right to litigate the validity of the patent and accordingly the Courts have held that such a licensee may be made a defendant in a declaratory judgment action without joining the owner. Caldwell Manufacturing Co. v. Unique Balance Co., S.D.N.Y. 1955, 18 F.R.D. 258; American Optical Co. v. New Jersey Optical Co., D.Mass. 1943, 50 F.Supp. 806, 809; Helene Curtis Industries v. Sales Affiliates, 2 Cir. 1952, 199 F.2d 732. In the second case the owner has not voluntarily given to the licensee such a right but the Court has nevertheless implied by law a power of attorney limited to instituting an action for infringement in the name of the patent owner after offering the patent owner a prior right to do so, in order that the licensee may protect his rights. By implying such power of attorney to the licensee the Court does not also imply a power of attorney to the licensee to

represent the patent owner as a defendant, without his joinder, in a declaratory judgment action brought by a third party because such an implied power of attorney is unnecessary to protect the interests of the licensee.

An analysis of *Independent Wireless* will amply illustrate the point. In that case Radio Corporation of America (RCA) instituted an action against Independent Wireless Telegraph Co. (Independent) to enjoin the infringement of a patent owned by De Forest Radio Telephone & Telegraph Company (De Forest). De Forest granted to Western Electric Company an exclusive license to make, use, and sell the patented device for the life of the patent, reserving to itself non-exclusive, non-transferable and personal rights to make, use, and sell said device for specific purposes. De Forest had no interest to protect against infringement. Western Electric then transferred all of its rights to American Telephone & Telegraph Company, which in turn transferred to RCA the exclusive right to use and sell in the United States for radio purposes, apparatus for transmission of messages especially for use between ship and shore. Independent purchased the same apparatus, with the right to use it in the amateur and experimental field only. The bill charged Independent with using the apparatus in the commercial radio field between ship and shore and thus violating RCA's rights. American Telephone was made a party defendant but De Forest which was without the jurisdiction, declined to become a plaintiff, whereupon RCA nevertheless joined it as co-plaintiff without its consent. Independent moved to dismiss the bill which motion was granted on the ground that De Forest, the owner of the patent, was an indispensable party and could not be joined without its consent. The Court of Appeals reversed and the Supreme Court affirmed.

The Court rested its decision upon a judicial enlargement of Section 4921, R.S. (the predecessor of 35 U.S.C.A. § 283) which vested jurisdiction in it to grant injunctions under the patent law according to the principles of equity to prevent violations of patent rights. There was, however, a gap in this section which did not exist under Section 4919, R.S. (the predecessor of 35 U.S.C.A. § 281), granting the same court similar jurisdiction in actions at law. The latter section in addition provided express authority for the exclusive licensee to sue at law in the name of the patent owner. By analogy to a common-law assignment, the court in equity thereupon implied a similar power of attorney to the exclusive licensee to maintain an action in equity in the name of the patentee for infringement. This was necessary, the Court said, to enable the licensee to obtain the benefits of his license, stating "if there is no other way of securing justice to the exclusive licensee, the latter may make the owner without the jurisdiction a coplaintiff without his consent * * * but not until after he has been requested to become such voluntarily" (46 S.Ct. p. 171).

The difference is between an *expressed* unconditional authority from the patent owner to the licensee and a conditional power of attorney to the licensee *implied* by law for his sole protection and not for the protection of third parties. Where the patent owner has surrendered his rights to litigate the validity of or title to the patent under an express assignment or exclusive license with unconditional right to sue, not only may the licensee sue but he may also be sued in a declaratory judgment action without joining the patent owner. Neither *Independent Wireless* nor the present case falls within principles governing the express assignment or the exclusive license agreement with unconditional right to sue. Moreover, there is another way of securing justice in this case, since plaintiff can obtain jurisdiction of all party defendants in the Northern District of Illinois, Eastern Division.

Plaintiff further contends that there is no difference between a limited-field exclusive license and a limited-territory exclusive license and asserts that the cases cited by the Court are not in point and in particular that the Court (Judge

Herlands) in deciding Caldwell Manufacturing Co. v. Unique Balance Co., supra, overlooked plaintiff's point in the present case and that in all events the *Caldwell* decision cannot overrule the Supreme Court in the *Independent Wireless* case. The truth of the matter is that plaintiff is unable to realize the difference between the two types of licenses and the basis of *Caldwell* and the other decisions cited, including Etherington v. Hardee, 5 Cir. 1961, 290 F.2d 28, which it does not attempt to distinguish. Other pertinent cases are: Fauber v. United States, 1941, 37 F.Supp. 415, 93 Ct.Cl. 11; Zenith Radio Corp. v. Radio Corp. of America, D.Del.1954, 121 F.Supp. 803; Benger Laboratories Limited v. R. K. Laros Company, E.D.Pa.1959, 24 F.R.D. 450.

## II

■ Defendant's counter-motion to reargue that portion of this Court's decision denying a transfer of venue to the Northern District of Illinois, Eastern Division, is based upon the new and additional ground "that the plaintiff in complete disregard" of this Court's decision dismissing Count I of the original complaint has filed an amended complaint with Count I and Count I-A, both seeking a declaratory judgment as to the invalidity of the patent owned by University of Illinois Foundation without joining the latter. Rule 9(m) of the General Rules of United States District Courts for the Southern and Eastern Districts of New York provides that upon a motion for reargument a memorandum should be submitted "setting forth concisely the matters or controlling decisions which counsel believes the court has overlooked." Whether or not the filing of the amended complaint is in complete disregard of this Court's decision is not a matter for reargument and need not be determined upon this motion.[1] Certainly such an event affords no such basis since it was *ex post facto* the Court's original

decision and accordingly could not possibly have been overlooked. Because they are not based upon an oversight or a patent error but on the contrary, are an effort to reargue the same contentions heretofore made and adjudicated by the Court, there is no predicate for either of these applications.

The conclusion is therefore inevitable that both motions for reargument must be and are hereby denied.

Settle order on two (2) days' notice.

---

1. See, Rule 15(a), Fed.Rules Civ.Proc., 28 U.S.C.A.; Swan v. Board of Higher Education of the City of New York, 2 Cir. 1963, 319 F.2d 56; 3 Moore, Federal Practice, ¶ 15.07 [2], at 850 (2d ed. 1966).