**CHANNEL MASTER CORPORATION,**
Plaintiff,

v.

**JFD ELECTRONICS CORPORATION,**
University of Illinois Foundation, and
University of Illinois, Defendants.

No. 66-C-416.

United States District Court
E. D. New York.

Jan. 26, 1967.

Darby & Darby, New York City, for plaintiff, Morris Relson, New York City, of counsel.

Ostrolenk, Faber, Gerb & Soffen, New York City, for defendant, JFD Electronics Corp., Sidney G. Faber, New York City, of counsel.

BARTELS, District Judge.

In effect, this is a motion by defendant JFD Electronics Corporation to dismiss Counts I and I-A of plaintiff's amended complaint, seeking a declaratory judgment of patent invalidity and non-infringement, filed subsequent to the decision of this Court dismissing Count I of the original complaint on the ground of failure to join an indispensable party, namely, University of Illinois Foundation (Foundation), the owner of the patents (EDNY, 260 F.Supp. 568). Count I of the amended complaint, which is identical to the dismissed Count I of the original complaint, is based upon an agreement between the defendant and the Foundation entered into in December of 1965 and still in effect, whereby the defendant is given an exclusive right to make, use and sell in certain *limited* fields antennas covered by these patents. Count I-A which is new, is based upon an agreement entered into between the defendant and the Foundation in 1962, whereby the defendant was given an exclusive right to make, use and sell in *all* fields the antennas covered by the patents. By its terms this 1962 license agreement was to terminate not later than three and one-half years after the allowance of the first claim by the Patent Office, but it was actually terminated in December of 1965, about two months after the issuance of the patents.

Plaintiff concedes that Count I of the amended complaint must be dismissed in light of the refusal of this Court to reconsider its dismissal of Count I of the original complaint (262 F.Supp. 292), but argues that Count I-A is a cause of action separate and distinct from Count I and must be judged upon its own merits. It contends that during the two-month period subsequent to the issuance of the patents and covered by the 1962 agreement the defendant accused the plaintiff of infringement under its exclusive licensing arrangement with the Foundation and that the plaintiff is therefore entitled to seek a declaratory judgment to determine whether or not it owes the defendant any infringement damages for that period. Since the 1962 exclusive license was not a limited field one, but represented all rights under the patents, the plaintiff now argues that the Foundation, the record owner of the patents, is not an indispensable party to this action regardless of the ruling to the contrary with respect to the 1965 agreement.

The issue here is whether plaintiff may take the initiative under the Declaratory Judgment Act (28 U.S.C.A. § 2201) to determine its liability if any, to the defendant for two months' potential infringement in the past when the defendant was an exclusive licensee for such a period, without joining the patent owner. The result depends upon a review of the fundamental purpose of the Act which is "to avoid accrual of avoidable damages to one not certain of his rights and to afford him an early adjudication without waiting until his adversary should see fit to begin suit, after damage has accrued." E. Edelmann & Co. v.

Triple-A Speciality Co., 7 Cir. 1937, 88 F.2d 852, 854, cert. denied, 1937, 300 U.S. 680, 57 S.Ct. 673, 81 L.Ed. 884; 6 Moore, Federal Practice, ¶ 57.05 at 3021–22 (2d ed. 1966). Under the Act jurisdiction was granted to the federal courts primarily to provide declaratory relief to a plaintiff who seeks to establish a right in order to guide his future conduct as well as one who seeks to escape liability. Such relief is also permitted where the purpose is not to avoid future damages but to clarify legal relations and afford relief from uncertainty and insecurity where there is an actual controversy. Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 1937, 300 U.S. 227, 57 S.Ct. 461, 81 L.Ed. 617; Employers' Liability Assur. Corporation v. Ryan, 6 Cir. 1940, 109 F.2d 690, appeal dismissed 1940, 311 U.S. 722, 60 S.Ct. 1107, 85 L.Ed. 470. Whether the Court will entertain jurisdiction under the Act is a matter of judicial discretion (Brillhart v. Excess Ins. Co., 1942, 316 U.S. 491, 62 S.Ct. 1173, 86 L.Ed. 1620) and if there is any question that proper adversary parties are not present or that the action will not terminate the proceedings, the Court may properly decline such jurisdiction. Aetna Casualty & Surety v. Quarles, 4 Cir. 1937, 92 F.2d 321; Borchard, Declaratory Judgments (2d ed. 1941) 299.

■ Applying these principles to the present case, it appears that the plaintiff's liability to the defendant as to future damages if any, under the 1962 agreement has now been frozen. A prompt and speedy adjudication of its rights in order to protect it from acting at its peril or avoiding damages in the future is unnecessary.

■■ Moreover the plaintiff is not in a position to seek a declaratory relief for another reason. As indicated in the Court's prior decision under the 1965 agreement, the plaintiff could not institute the action without joining the Foundation as an indispensable party. While the defendant under the 1962 agreement was an exclusive licensee in all fields, its license expired several months after the patent was issued. A serious question is raised whether an exclusive licensee for such a minimal period can be considered as an assignee of the patent owner's title for the purpose of a declaratory judgment to determine the validity of the patent without the joinder of such owner, particularly after the license has expired. Obviously the owner's reversionary interest in this case is sufficient to challenge the theory that such an exclusive licensee is in the position of an assignee and should have the right to defend the validity of the patent without the joinder of the owner. Rule 19(b), Fed.Rules Civ.Proc., 28 U.S.C.A., would require joinder upon these facts. Plaintiff relies upon certain decisions [1] to the effect that an exclusive licensee for a limited period may be sued alone for a declaratory judgment concerning patent validity. But even those cases are not apposite because they do not involve a licensee whose license has been terminated. Due to the absence of a vitally interested party even assuming that such party is not indispensable, it is the opinion of this Court that it should not entertain a declaratory judgment in this case. Delno v. Market St. Ry. Co., 9 Cir. 1942, 124 F.2d 965; Samuel Goldwyn, Inc. v. United Artists Corporation, 3 Cir. 1940, 113 F.2d 703; 6 Moore, Federal Practice, ¶ 57.08(4) at 3034 (2d ed. 1966); see, Automotive Equipment, Inc. v. Trico Products Corporation, W.D.N.Y. 1935, 11 F.Supp. 292.

■ An additional ground for the Court's refusal to exercise its discretion in this case is the apparent fact that the plaintiff is not particularly interested in protection from the defendant under the 1962 agreement because of the minimal period involved. What concerns the plaintiff is its liability to the defendant

1. Hartford National Bank & Trust Co. v. Henry L. Crowley & Co., 3 Cir. 1955, 219 F.2d 568; United Lacquer Mfg. Corp. v. Maas & Waldstein Co., D.N.J.1953, 111 F.Supp. 139; Pennsalt Chemicals Corp. v. Dravo Corp., E.D.Pa.1965, 240 F.Supp. 837.

as the licensee under the 1965 agreement. The Court, however, has already determined that in a declaratory action against the defendant under that agreement, the Foundation is an indispensable party. It appears therefore that the present action is nothing more than a tactical device to circumvent the Court's decision dismissing the plaintiff's action under the 1965 agreement. Otherwise the plaintiff would have made its claims under the 1962 agreement in its original complaint. "The wholesome purposes of declaratory acts would be aborted by its use as an instrument of procedural fencing either to secure delay or to choose a forum." American Automobile Ins. Co. v. Freundt, 7 Cir. 1939, 103 F.2d 613, 617. This application is a patent example of such fencing. "Courts will attempt to prevent the perversion of the Act to purposes not intended by the statute". 6 Moore, Federal Practice, ¶ 57.08(3) at 3031 (2d ed. 1966).

In view of the foregoing, the defendant's motion to dismiss Counts I and I-A of the amended complaint is hereby granted.

Settle order on two (2) days' notice.