**UNION TRUST NATIONAL BANK, Ernest Pelson and Francis Silverblatt, Plaintiffs,**

**v.**

**AUDIO DEVICES, INC., Defendant.**

**No. 66 Civ. 1212.**

United States District Court
S. D. New York.

Jan. 27, 1969.

---

3. See 28 U.S.C.A. §§ 2241, 2242, 2243, 2244, 2245, 2249, 2252, and 2254.

4. 391 U.S. 234, 238 fn. 12, 88 S.Ct. 1556.

Arthur T. Fattibene, New York City, for plaintiffs.

Pennie, Edmonds, Morton, Taylor & Adams, New York City, for defendant; Harry C. Jones, III, New York City, of counsel.

WYATT, District Judge.

This is a motion by defendant Audio Devices, Inc. (Audio) for summary judgment in an action for an accounting of profits and damages because of alleged patent infringement. (Fed.R.Civ. P. 56).

Plaintiffs are Union Trust National Bank (Union), trustee of the estate of Lawrence G. Bates (the deceased inventor, patentee and owner of an undivided one-third interest in the patent alleged to have been infringed) and Ernest Pelson and Francis Silverblatt, each owners of an undivided one-third interest in the patent by virtue of an assignment by Bates of such interests in the patent.

The patent in suit covers a film fastening reel for holding magnetic tape on a reel in connection with tape recorders for sound and possibly for other purposes.

When the original complaint was filed on April 27, 1966, Union was the only plaintiff. The complaint averred that Union was the trustee of Bates' estate, that Bates had complied in all respects with the patent laws (35 U.S.C. § 1 and following), that Letters Patent No. 2,467,607 (Bates patent) had been duly issued on April 19, 1949, and that Audio had infringed. Bates, the alleged inventor, died on July 30, 1965; Union, his trustee, is a Bank in St. Petersburg, Florida. The complaint disclosed on its face that the single plaintiff, Union, represented only one-third ownership of the patent in suit.

Patent No. 2,467,607 disclosed on its face that prior to its issuance on April 19, 1949, Bates had assigned a one-third interest to Silverblatt and a one-third interest also to Pelson. The rule appears to be firmly established that where there has been an assignment of an interest in a patent so that there are two or more owners of the patent, all owners must be joined in the action or there is such defect of parties as to require dismissal of the action. Agrashell, Inc. v. Hammons Products Co., 352 F.2d 443, 447 (8th Cir. 1965); Gibbs v. Emerson Elec. Mfg. Co., 29 F. Supp. 810 (W.D.Mo.1939); 3 Walker on Patents (Deller's ed.) § 430, p. 1637.

A motion by Audio to dismiss the complaint for failure to join indispensable parties was withdrawn on June 28, 1966 pursuant to a stipulation, filed June 24, 1966. This stipulation provided that an amended complaint would be filed joining Pelson and Silverblatt as plaintiffs.

An amended complaint was then filed on July 12, 1966 which did add Pelson and Silverblatt as plaintiffs. In addition to the averments of the original complaint, the amended complaint avers the assignment by Bates of a one-third interest in the patent to Pelson and another one-third interest to Silverblatt. The patent in suit had expired on April 19, 1966, before the suit was commenced. In consequence, no injunction is asked in the amended complaint but only damages and an accounting of profits for past infringement.

On August 1, 1966, Audio filed an answer essentially denying the averments of the amended complaint. In addition, the answer avers as an affirmative defense that the patent is invalid for numerous reasons; there is also a counterclaim for a declaratory judgment that the patent is invalid and that Audio has not infringed. The grounds of the counterclaim are the same as those averred in the affirmative defense.

On August 9, 1966, plaintiffs filed their reply to the counterclaim, essentially denying the averments therein. On September 13, 1966, Judge Levet granted on default Audio's motion to strike paragraph 16 of the reply; this paragraph 16 averred (among other things) that no justiciable controversy exists with respect to infringement of the patent.

By an order filed December 22, 1967, Judge Palmieri granted in part and denied in part Audio's objections to certain interrogatories propounded by plaintiffs.

On January 9, 1968, Judge MacMahon granted Audio's motion for leave to file an amended answer averring the affirmative defenses of estoppel and laches. The amended answer was attached to the motion papers as filed and has never been separately filed or entered on the docket of this Court. The amended answer, other than for the averments of laches and estoppel, is the same as the original answer. It will be noted that when the answer was filed on August 1, 1966, Audio made no claim of laches but did make such a claim in an amended answer filed about a year and a half later. The explanation made was that the attorney preparing the pleadings for Audio did not learn the facts as to laches until after October 13, 1967.

On January 19, 1968, plaintiffs filed their reply to defendant's amended answer, essentially denying the averments of the counterclaim therein. The reply contained, however, a demand for a jury trial.

By order filed February 28, 1968, Judge Cooper granted Audio's motion to strike the demand for a jury trial. The reason for the ruling was that plaintiffs had waived any right to a jury trial.

The following materials have been considered in the decision of this motion: affidavits sworn to March 21 and May 9, 1968 of Ambrose A. Arnold (Arnold was attorney for Audio since before 1958 but is not acting for Audio in this action); affidavit sworn to March 21, 1968 of Alan H. Bodge, presently vice president of Audio and an officer of Audio since before 1958; affidavits sworn to May 9 and May 13, 1968 of Pelson; affidavits sworn to May 10 and May 14, 1968 of Arthur T. Fattibene, attorney for plaintiffs in this action; Audio's answers to interrogatories propounded by plaintiffs; and correspondence between the parties or their agents.

The relevant statute (35 U.S.C. § 286) limits recovery for infringement to a period of six years before filing an action for infringement.

There is in equity, however, a further doctrine of laches. So far as the case at bar asks an accounting of profits—as opposed to damages—it would appear to be in equity and thus subject to the defense of laches.

It seems to me that this defense of laches must be considered separately as to each plaintiff. Each plaintiff is an owner of a separate interest in the patent, acquired long before the infringement of which complaint is here made; indeed the separate interests were acquired before the patent issued.

Movant argues that the laches of *one* co-owner bars *all* co-owners, whether the others are themselves guilty of laches or not. This is said to follow because all co-owners must be joined in the action. But this does not logically follow, so far as I can see. That all co-owners be parties to a suit is a necessary requirement if conflicting decisions about the *same* patent (for example, its validity) are to be avoided. No reason is suggested, however, why the result in the action must be the same for all co-owner plaintiffs. A good example of different re-

**28**

sults is found in Judge Lacombe's opinion in Lalance & Grosjean Mfg. Co. v. Haberman Mfg. Co., 93 F. 197 (C.C. S. D.N.Y.1899). There one co-owner of a patent gave a release to the defendant. Judge Lacombe held that this did not destroy the right of the other co-owner to recover from defendant *"his* damages" (93 F. at 198; emphasis supplied). See also McCall Co. v. Bladworth, 290 F. 365, 369 (2d Cir. 1923); 4 Deller's Walker on Patents (2d ed.) § 371, p. 470.

Movant cites in support of its argument, Wood v. Perkins, 64 F. 817 (C.C. D.Mass.1894). The opinion is not clear and the case involved land. To the extent that it supports movant, it is to be distinguished because it did involve land. In his opinion, above cited, Judge Lacombe warned that to permit one co-owner of a patent to destroy the rights of another "would be to push the supposed analogy to the law of real property altogether too far".

█ If then by deliberate act one co-owner of a patent may not destroy the rights of another, it would seem equally true that the laches of one co-owner would not bar another co-owner, himself not guilty of laches.

█ As to co-owner Bates, now represented by plaintiff Union, there is no showing sufficient to justify summary judgment on the ground of his laches. Movant gives no facts which would indicate knowledge by Bates of any infringement by movant. According to Pelson, Bates retired from his business in Cleveland at some time after the patent issued (April 19, 1949) and 1954; he moved to Florida; Pelson was not in touch with Bates until late 1965; he wrote to Bates at an address in Florida and received a reply from Union that Mrs. Bates had died December 28, 1964 and Bates himself had died July 30, 1965 after suffering from cancer for "some months". It appears that Union knew nothing of any infringement until receipt of the Pelson letter. On the present record, it appears that Burkitt and Safford, lawyers who in 1958 gave

notice to Audio, did not represent Bates but only Pelson. There is at least an issue as to this which ought not to be resolved on these papers.

The motion must be denied as to plaintiff Union.

The situation is not the same as to the other two plaintiffs, Pelson and Silverblatt. Nothing has been submitted from Silverblatt and no excuse given for the failure. The impression thus produced is not favorable.

Since, however, there must be a trial as to plaintiff Union in any event, it would be a sounder exercise of discretion at this point to deny the motion as to all plaintiffs so that the issue of laches as to all may be determined at the same time and on a record more adequate for decision.

The motion of Audio for summary judgment is denied.

So ordered.