**WINDSURFING INTERNATIONAL, INC., Plaintiff,**

v.

**Fred OSTERMANN, GmbH, et al., Defendants.**

**AMF INCORPORATED, Plaintiff,**

v.

**WINDSURFING INTERNATIONAL, INC., Defendant.**

**Nos. 81 Civ. 254(MEL), 81 Civ. 1691(MEL).**

United States District Court, S.D. New York.

Dec. 23, 1983.

Darby & Darby, P.C., New York City, for plaintiff Windsurfing Intern., Inc.; David R. Francescani, New York City, Nilsson, Robbins, Dalgarn, Berliner, Carson & Wurst, Los Angeles, Cal., of counsel.

Pennie & Edmonds, New York City, for Seal Marine Ltd., Dufour USA Inc., Tabur Marine S.A. and Fred Ostermann, GmbH.

Rogers, Hoge & Hills, New York City, for defendant AMF Inc.; Hume, Clement, Brinks, Williams & Olds, Ltd., Clyde F. Willian, Chicago, Ill., David H. Badger, Indianapolis, Ind., of counsel.

LASKER, District Judge.

AMF's motion for a stay of these proceedings is denied. The motion is based upon the filing of a complaint by James R. Drake against Windsurfing International, Inc. ("Windsurfing") in California, in which Drake claims to be a co-owner of the patent in suit. AMF Incorporated ("AMF") argues that a co-owner of a patent is a necessary and indispensable party to a patent infringement suit and that this suit should not proceed in Drake's absence.

Even assuming that Drake is a necessary party pursuant to Federal Rule of Civil Procedure 19(a), ("F.R.Civ.Pr.")[1] for several reasons it does not appear that he is an indispensable party under F.R.Civ.Pr. 19(b).[2] Four factors are to be considered under Rule 19(b) in determining whether an absent party is indispensable:

> "first, to what extent a judgment rendered in the person's absence might be prejudicial to him or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

AMF argues that Drake may be prejudiced if the patent is ruled invalid without Drake having the opportunity to appear and be heard in the suit, and that AMF may be prejudiced as well because a finding of invalidity in Drake's absence may not prevent Drake from subsequently suing AMF on the patent and subjecting AMF to repetitious litigation. On the other hand, AMF argues,

---

1. A strong argument can be made that Drake is not a necessary party to this action. Drake assigned his entire interest in the patent to Hoyle Schweitzer, Windsurfing's President, by agreement dated October 29, 1973, and in a suit commenced 10 years later is challenging that assignment as void. The cases cited by defendant which hold that a co-owner of a patent is a necessary party to a suit on the patent are cases in which there was no question as to the absent party's ownership rights. *E.g., Union Trust National Bank v. Audio Devices, Inc.,* 295 F.Supp. 25 (S.D.N.Y.1969). No case has been cited in which someone who has by agreement assigned his rights to the plaintiff, but who later challenges the assignment as void, has been held to be a necessary or indispensable party to a suit on the patent.

2. If Drake is deemed a necessary party under Rule 19(a), the question whether he is indispensable arises because it appears that the Court may be unable to exercise personal jurisdiction over him.

if the patent is held to be valid and Windsurfing wins its infringement suit against AMF, Drake will be prejudiced because the recovery for the infringement will go to Windsurfing, and AMF may be prejudiced because a second suit by Drake for infringement may subject AMF to double liability for the same acts of infringement.

Turning first to the question of possible prejudice if Windsurfing prevails in this litigation, we believe that whatever possibilities of prejudice to Drake and to AMF exist can be avoided through the shaping of relief. Windsurfing has proposed that any damages it recovers be held in trust pending the determination of Drake's claim of co-ownership. If this is done, Drake will certainly not be prejudiced, and the risk that Drake would proceed with its own suit against AMF rather than accept a portion of the damages obtained by Windsurfing appears insubstantial.

The prejudice that may result if AMF prevails in its attempt to have the patent declared invalid presents a more serious but, in our view, not insurmountable problem. It is true that the doctrine of *Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation*, 402 U.S. 313, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), which in effect prevents a patent-owner from relitigating the issue of a patent's validity once it has been declared invalid in a judicial proceeding, does not necessarily extend to a subsequent suit by a patent-owner who was not a party to the first litigation. *Id.* at 329, 91 S.Ct. at 1443. Hence, the *Blonder-Tongue* doctrine might not of itself bar Drake from suing AMF for infringement at a later date. This possibility can be substantially reduced, however, by formal notification to Drake of the pendency of this litigation, and an invitation to him by the Court to join as a plaintiff (in No. 81 Civ. 254) and a co-defendant (in 83 Civ. 1691), and to waive any objections as to personal jurisdiction. The Court will also order (and counsel for Windsurfing has indicated that it has no objection to this procedure) that Windsurfing indemnify Drake for attorneys' fees he may incur in protecting any separate interest he may have from that of Windsurfing in this litigation.[3] If Drake chooses not to participate in the instant litigation under these circumstances, he may well be subject to an equitable defense in the nature of laches should he bring a future suit for infringement against AMF. *See Catanzaro v. International Telephone & Telegraph Corp.*, 378 F.Supp. 203 (D.Del.1974). If he does choose to participate, of course, the problems adverted to above will be entirely avoided.

In declining to stay this action pending determination of Drake's ownership rights, we are also influenced by the substantial prejudice Windsurfing may suffer if such a stay were granted (the fourth factor to be considered under Rule 19(b)).[4] Drake's suit was not filed until February 1983, and under California rules of procedure a plaintiff has five years to bring his case to trial.[5] Windsurfing's patent expires in 1987, and it obviously has a significant interest in having its claims determined before that date. Substantial discovery and motion practice have already taken place in the instant litigation. Under these circumstances, a further substantial delay in the litigation is not warranted.

For the foregoing reasons, AMF's motion [6] to stay these actions is denied.

Settle order on notice.

---

**3.** The imposition of this condition is intended solely to facilitate the likelihood of Drake's participation in *this* suit, and to minimize the possibility of later litigation. It is not meant to suggest that there is any reason in the record to believe that Windsurfing's and Drake's interest in the instant case *are* separate or in potential conflict. To the contrary, they appear to be entirely parallel and congruent.

**4.** As to the third factor, whether the judgment rendered in Drake's absence will be adequate, AMF has made no argument that a judgment in Drake's absence would be legally insufficient or that the Court will be unable to render relief to the parties before the Court.

**5.** California Code of Civil Procedure, Section 583(b).

**6.** At oral argument, counsel for the other defendants indicated that they intended to join in AMF's motion. Their motions will be denied under the same conditions outlined above as to AMF's motion.