**PARKSON CORP., Plaintiff,**

v.

**ANDRITZ SPROUT–BAUER, INC., Defendant.**

**No. 94 CIV 6076 (CBM).**

United States District Court, S.D. New York.

Oct. 24, 1994.

Francis J. Hone, Richard G. Berkley, Marta E. Delsignore, Brumbaugh, Graves, Dono-

---

hue & Raymond, New York City, for plaintiff.

## MEMORANDUM OPINION

MOTLEY, District Judge.

### BACKGROUND

Plaintiff Parkson Corporation brings this action seeking declaratory and injunctive relief, treble damages, and attorney's fees based on claims of patent infringement. Plaintiff Parkson asserts that it has an exclusive license for Patent No. 4,126,546 and for Patent No. 4,197,201 (hereinafter the "Dynasand Filter Patents") both of which relate to continuous sand filtration of liquids. Plaintiff alleges that defendant Andritz Sprout–Bauer ("ASB") has infringed these patents by the manufacture, sale and installation of ASB's "Hydrasand" filter, which was designed for ASB by a former Parkson employee.

Defendant ASB responded to this suit by filing a motion to dismiss the complaint under Rule 12(b)(7) and Rule 19 of the Federal Rules of Civil Procedure. ASB contends that because Parkson is merely an exclusive licensee of the Dynasand Filter Patents the current record owner of these patents, a Swedish company called Axel Johnson Engineering AB ("Axel Johnson"), is a necessary party under Rule 19(a) on the ground that litigation in the patent owner's absence would expose ASB to the risk of incurring double, multiple or otherwise inconsistent obligations arising from an independent suit by Axel Johnson. Without much explanation, ASB asserts that Axel Johnson is also an indispensable party under Rule 19(b) and so the complaint should therefore be dismissed. As discussed below, there are several issues of fact that must be further resolved by the parties before the court can rule on defendant's motion.

### I. Application of Rule 19(a)

In pertinent part, Rule 19(a) of the Federal Rules of Civil Procedure provides as follows:

A person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter of the action shall be joined as a party in the action if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. *Fed.R.Civ.P. 19(a)*.

To determine whether Axel Johnson is a necessary party under this Rule, one must decide the exact nature of Plaintiff Parkson's status as a licensee. In *Waterman v. MacKenzie*, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923 (1891), the Supreme Court distinguished between assignees, who are empowered to bring patent infringement actions on their own, and mere licensees, who are not. Those who are given the exclusive right to make, use, and vend a patented invention throughout the United States or a specified part of the United States are among those who qualify as assignees. *See Id.* at 255–56, 11 S.Ct. at 335–36.

More recently, the Federal Circuit emphasized that in applying *Waterman*, a court must not focus solely on the terminology employed in a licensing agreement; rather, "one must ascertain the intention of the parties and examine the substance of what was granted." *Vaupel Textilmaschinen KG v. Meccanica Euro Italia S.P.A.*, 944 F.2d 870, 874 (Fed.Cir.1991). *See also Waterman*, 138 U.S. at 256, 11 S.Ct. at 335. The Court held that while an agreement may be short of a formal assignment it may still grant all substantial rights in the patent to the licensee sufficient to enable the licensee to sue without joining the patent holder. *Vaupel*, 944 F.2d at 875. *See also Maruzen Int'l Co. v. Bridgeport Merchandise, Inc.*, 770 F.Supp. 155, 158 (S.D.N.Y.1991). In finding that the licensee-plaintiff before it could sue for infringement on its own, the Federal Circuit gave particular emphasis to language in the plaintiff's licensing agreement that explicitly gave it authority to determine alone whether such suit would be brought. *Vaupel*, 944 F.2d at 874–75.

Since Parkson's license agreement includes a grant of the exclusive right to manufacture, use, and market products covered by the Dynasand Filter Patents, (Souther Aff., Exhibit 1 ¶¶ 1.01, 1.03, 1.05, 2.01), under the *Waterman* standard, this would appear to qualify as an assignment. However, since Parkson has provided the Court only with a redacted version of its licensing agreement, it is unclear whether the agreement constitutes a grant of all substantive rights in the Dynasand Filter Patents under *Vaupel*. For example, the portion of the agreement reviewed by the court notes that the grant of rights to Parkson is limited to "the term of this Agreement." (Souther Aff., Exhibit 1 ¶ 2.01). If the agreement is substantially limited in its duration, it may be necessary to join the patent holder. *See Channel Master Corp. v. JFD Electronics Corp.*, 263 F.Supp. 7, 9 (E.D.N.Y.1967). Moreover, the language governing litigation of infringement claims states that, if infringement is discovered, the parties to the licensing agreement will seek to reach an agreement as to how to proceed but "[i]f an agreement is not reached as to what action to take, either party has the right to take such action alone." (Souther Aff., Exhibit 1 ¶ 6.01.) Because this clause does not unambiguously give Parkson control over whether infringement claims should be brought, under *Vaupel* it is not clear whether Parkson can proceed with the instant action on its own. Thus, on the facts presently available to the court, it is not possible to determine whether Axel Johnson is a necessary party.

## II. Application of Rule 19(b)

■ Rule 19(b) of the Federal Rules of Civil Procedure provides:

> If a person as described in subdivision (a)(1)–(2) hereof cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for non-joinder. *Fed.R.Civ.P. 19(b).*

In resolving the question of whether a patent holder is an indispensable party in an infringement action brought by a licensee, the cases have developed two approaches. Some courts have, in a manner similar to the Rule 19(a) analysis, held that as long as the licensee effectively is representing the interest of the patent holder, there is no need to have the latter before the court. One of the leading cases in the Second Circuit, *Capri Jewelry Inc. v. Hattie Carnegie Jewelry Enterprises, Ltd.*, 539 F.2d 846, 847 (2d Cir. 1976) (Friendly, J.) involved an action for a declaration of patent invalidity brought by two costume jewelry distributors against a licensee of a patent holder whose patents pertained to color-change "mood" rings. In rejecting the defendant's assertion that the district court should have dismissed the case in the absence of the patent holder, Bill James, Judge Friendly stressed that "[c]ounsel representing Hattie Carnegie in this suit are acting both for it and for James in the infringement suit [they brought against another jewelry distributor]." *Capri Jewelry,* 539 F.2d at 853. *See also Micro–Acoustics Corp. v. Bose Corp.*, 493 F.Supp. 356, 360–61 (S.D.N.Y.1980) (Conner, J.); *cf. American Optical Co. v. Curtiss,* 59 F.R.D. 644, 649 (S.D.N.Y.1973).

Alternatively, the Supreme Court, in a decision relied upon by both parties, held that where the patent owner is beyond the reach of process, then as long as the licensee gives the owner notice and a chance to join the action voluntarily, the owner can, if necessary, be joined as an involuntary plaintiff and bound by the court's decision. *See Independent Wireless Tel. Co. v. Radio Corp. of America,* 269 U.S. 459, 473, 46 S.Ct. 166, 171,

70 L.Ed. 357 (1926).[1]  The courts are not in agreement as to whether this approach is still viable under the present version of Rule 19.  *See Parkson Corp. v. Fruit of the Loom, Inc.*, 28 U.S.P.Q.2d 1066, 1069, 1992 WL 541570 (E.D.Ark.1992) (discussing the split in opinion).  However, in *Windsurfing Int'l, Inc. v. Ostermann, GmbH*, 100 F.R.D. 82, 83–84 (S.D.N.Y.1983), a patent infringement case in which the defendant sought a stay of proceedings on the grounds that an absent alleged co-owner of the patent was a necessary and indispensable party, the court held that as long as the plaintiff gave the absent person notice and an opportunity to join voluntarily, Rule 19(b) permitted the court to proceed among the parties before it.  The court reasoned that even though the absent party was beyond the reach of process, his failure to participate in the case before the court would likely subject him to the defense of laches in any future infringement actions he might bring.  *Windsurfing*, 100 F.R.D. at 84.

Whether the *Capri Jewelry* analysis is applicable in the instant matter depends on the relationship between Parkson and the owner of the Dynasand Filter Patents.  However, there is a dispute between the parties concerning the status of the record owner, Axel Johnson.  Defendant suggests that Axel Johnson may have been sold to another corporation which itself was subsequently bought by another company.  Since this raises doubts about Axel Johnson's authority over the patents, it is not presently possible for this Court to determine who may be the real party at interest.  Furthermore, as both parties acknowledge, Parkson is involved in an ongoing dispute as to whether its license agreement has been terminated.  This issue must be resolved because a patent holder who disputes the validity of the license agreement may indeed be a necessary and

indispensable party.  *See Messerschmitt–Boelkow–Blohm v. Hughes Aircraft Co.*, 483 F.Supp. 49, 52–53 (S.D.N.Y.1979).  As for the rule in *Independent Wireless Telegraph*, its usefulness is limited by the same concerns: since the record does not firmly identify the real party at interest or establish Parkson's relationship with that party, the court presently cannot join any party as an involuntary plaintiff.

### Conclusion

For the above reasons, the court presently cannot rule upon Defendant's motion to dismiss the complaint.  An evidentiary hearing on the issues in dispute is therefore required.  The parties will be required to meet on or before November 21, 1994 to exchange any and all documents of any relevance to ownership of the Dynasand Filter Patents; the current relationship between Parkson and the owner of these patents; the nature of Parkson's licensing agreement; and any ongoing dispute concerning the validity of that agreement.

---

1. The courts have expressed some ambivalence about whether a decision concerning issues of patent validity would have a collateral estoppel effect upon a patent owner who did not appear in the action.  *See, e.g., Windsurfing Int'l, Inc. v. Ostermann, GmbH*, 100 F.R.D. 82, 84 (S.D.N.Y. 1983); *Messerschmitt–Boelkow–Blohm v. Hughes Aircraft Co.*, 483 F.Supp. 49, 52–53 (S.D.N.Y. 1979).  *But see Capri Jewelry Inc. v. Hattie Carnegie Jewelry Enter., Ltd.*, 539 F.2d 846, 853 (2d Cir.1976) (Friendly, J.).  These cases have involved analysis of the Supreme court's decision in *Blonder–Tongue Lab., Inc. v. University of Illinois Found.*, 402 U.S. 313, 329, 91 S.Ct. 1434, 1443, 28 L.Ed.2d 788 (1971) which suggests that a patent holder who never appears might not be bound.  However, the point of *Independent Wireless Telegraph* seems to be, in part, that this precise problem is avoided by giving the absent patent owner notice of its obligation to participate in the litigation.