**LEESONA CORPORATION**

v.

**The DUPLAN CORPORATION et al.**

**Civ. A. No. 4315.**

United States District Court,
D. Rhode Island.

Sept. 15, 1970.

Edward F. Hindle, John V. Kean, John H. Blish and James P. Kelly, of Edwards & Angell, Providence, R. I., for plaintiff.

Edward J. Regan, of Tillinghast, Collins & Graham, Providence, R. I., for moving defendant.

OPINION

PETTINE, District Judge.

The complex procedural history of this case has been set forth in a prior decision of this court, 317 F.Supp. 290 (August 7, 1970), and it will not be repeated here. That opinion granted motions to transfer as to some defendants and to stay as to others, but expressly reserved decision on identical motions presented by defendant, Sauquoit Fibers Company (hereinafter Sauquoit), because the ba-

sis for Sauquoit's motions required separate treatment.

### Motion to Dismiss

Sauquoit contends that Leesona is a mere licensee of the patentee Permatwist Company (hereinafter Permatwist), and that since a licensee does not have sufficient interest in a patent to bring suit in his own name for a determination of its validity, this action must be dismissed under Fed.R.Civ.P. 19(a), for failure to join an indispensable party.

■ Initially it is clear that only the patentee or the assignee of all rights under a patent may sue to determine patent validity. See, e. g., Waterman v. Mackenzie, 138 U.S. 252, 11 S.Ct. 334, 34 L.Ed. 923 (1891); Rawlings v. National Molasses Co., 394 F.2d 645 (9th Cir. 1968); 3A Moore's Federal Practice, paragraph 19.14 [2.–1 to 2.–2] at 2404–10. Whether Leesona is an assignee or a licensee, therefore, is determinative of this motion to dismiss.

The written agreement [1] here in question provides, in pertinent part:

" * * * Permatwist does hereby sell, assign, transfer and set over unto [Leesona's predecessor corporation], all of its right, title and interest in, of and to the patent applications * * *."

■ This court is satisfied that the comprehensive language employed in this contractual provision constitutes an assignment of Permatwist's rights under the patent, and not a mere license. I agree with Leesona that the conditions [2]

imposed upon Leesona's use of the patents by certain other clauses of the contract were intended merely to safeguard Permatwist's continuing right to periodic royalty payments as part of the agreed-upon purchase price, and not to restrict the transfer of Permatwist's entire right and interest in the patents.

Thus I find myself in agreement with Universal Winding Co. v. Gibbs Machine Co., Inc., 179 F.Supp. 394 (M.D.N.C. 1959), which held that Leesona was an assignee under this same agreement, and that therefore Permatwist was not an indispensable party.

Sauquoit's motion to dismiss is denied.

### Motion to Transfer

This court's earlier opinion gave careful consideration to the power of a court to transfer a case, under 28 U.S.C. § 1404(a), to a forum in which it "might have been brought." Sauquoit has offered no evidence that suit might have been brought in the Eastern District of Pennsylvania, within the meaning of 1404(a). Therefore, the motion to transfer is denied.

### Motion to Stay

Sauquoit's motion to stay, pending the outcome of the litigation in the Eastern District of New York, and/or the Eastern District of Pennsylvania, is hereby granted, primarily to minimize possible multiplicity of litigation, as covered in my opinion of August 7, 1970.

---

1. Although the parties to the agreement were Permatwist and Universal Winding Company, the latter was Leesona's predecessor corporation. For clarity, the remainder of this opinion treats Leesona as an original contracting party.

2. These include: the prior consent of Permatwist to any assignment of the agreement by Leesona; the prior approval and consent of Permatwist to the institution of an infringement action by Leesona; the granting of a royalty-free license by Leesona to a named corporation, for the production of a limited amount of yarn; the prior consent of Permatwist to any reduction of the fees paid by licensees of Leesona.