Anthony P. **CATANZARO**, Plaintiff,

v.

**INTERNATIONAL TELEPHONE & TELEGRAPH CORP., et al.,** Defendants.

**Civ. A. No. 4780.**

United States District Court, D. Delaware.

June 12, 1974.

As Amended June 20, 1974.

Anthony P. Catanzaro, pro se.

David A. Anderson, of Potter Anderson & Corroon, Wilmington, Del., and Paul M. Craig, Jr., of Craig & Antonelli, Washington, D. C., of counsel, for International Telephone & Telegraph Corp.

Arthur G. Connolly, Jr., of Connolly, Bove & Lodge, Wilmington, Del., Foorman L. Mueller, George Aichele, and James W. Gillman, of Mueller, Aichele & Ptak, Chicago, Ill., of counsel, for Motorola, Inc.

Rodney M. Layton, of Richards, Layton & Finger, Wilmington, Del., and John Farley, of Fish & Neave, New York City, N. Y., of counsel, for Radio Corp. of America.

Arthur G. Connolly, Jr., of Connolly, Bove & Lodge, Wilmington, Del., George A. Gust and Robert G. Irish, of Gust, Irish, Lundy & Welch, Fort Wayne, Ind., of counsel, for Masco Corp.

## OPINION
### and
### ORDER

WRIGHT, Senior District Judge.

This patent infringement action raises intriguing questions about the impact of Rule 19, Federal Rules of Civil Procedure, on the ability of patent co-owners independently to protect their rights. Anthony Catanzaro, the owner of an undivided one-half interest [1] in United States Patent 2,906,875 entitled Station Sampling Radio, alleges infringement by

---

1. An assignment recorded in the Patent Office on January 27, 1972 recites that in consideration of one hundred dollars, Edward T. Molinaro, the patentee, did sell, assign, and transfer to Catanzaro "the undivided one half part of the whole right, titled [sic] and intrest [sic] in and to the said invention. . . ."

the four corporate defendants, all of which are incorporated in Delaware.[2] Catanzaro is proceeding *in forma pauperis* and without the assistance of counsel. Jurisdiction is conferred on this Court by 28 U.S.C. § 1338(a), and venue is proper under 28 U.S.C. § 1400(b). Defendants have moved, pursuant to Rules 12(b)(7) and 19(b), Federal Rules of Civil Procedure, to dismiss the complaint for failure to join an indispensable party.

Defendants contend that participation by Edward T. Molinaro, the patentee and owner of the remaining undivided half interest in the patent in suit, is indispensable for a just resolution of this case. The parties agree that Molinaro, a resident of Carbondale, Pennsylvania, is not subject to service of the process of this Court.[3] Traditionally, courts have declared that an owner of an undivided share of a patent can sue for infringement only when he sues jointly with his co-owner. Waterman v. Mackenzie, 138 U.S. 252, 255, 11 S.Ct. 334, 34 L.Ed. 923 (1891), Rainbow Rubber Co. v. Holtite Mfg. Co., 20 F.Supp. 913 (D. Md.1937), Gibbs v. Emerson Electric Radio Mfg. Co., 29 F.Supp. 810 (W.D. Mo.1939), Hurd v. Sheffield Steel Corp., 181 F.2d 269 (8th Cir. 1950), Agrashell, Inc. v. Hammons Products Company, 352 F.2d 443 (8th Cir. 1965); see also Union Trust National Bank v. Audio De-

vices, Inc., 295 F.Supp. 25 (S.D.N.Y. 1969). However, the adoption of amended Rule 19, Federal Rules of Civil Procedure, in 1966 makes inappropriate any contention that patent co-owners are *per se* indispensable in infringement suits.[4] As the Supreme Court noted in Provident Tradesmens Bank & Trust Co. v. Patterson, 390 U.S. 102, 88 S.Ct. 733, 19 L.Ed.2d 936 (1968), Rule 19 teaches that whether or not a party is indispensable is the conclusion, not the starting point, of legal analysis:

> The decision whether to dismiss (i. e., the decision whether the missing person is "indispensable") must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests. Rule 19 does not prevent the assertion of compelling substantive interests; it merely commands the courts to examine each controversy to make certain that the interests really exist. To say that a court "must" dismiss in the absence of an indispensable party and that it "cannot proceed" without him puts the matter the wrong way around: a court does not know whether a particular person is "indispensable" until it has examined the situation to determine whether it can proceed without him. 390 U.S. at 118–119.

---

2. The Court is advised that Catanzaro and Molinaro are joint plaintiffs in ten infringement actions presently pending in the following judicial districts: Eastern District of Pennsylvania, Middle District of Pennsylvania, Eastern District of New York, Southern District of New York, District of Maryland.

3. The parties have not raised the question of whether service may be had on Molinaro pursuant to 28 U.S.C. § 1655. This statute provides for substitute service of process in certain actions involving "real or personal property within the district." Courts have consistently held that patent rights are not "within" a district for purposes of this statute. Kohagen v. Harwood, 185 F.2d 276 (7th Cir. 1950), Kleinschmidt v. Kleinschmidt Laboratories, 89 F.Supp. 869 (N.D. Ill.1950), Rainbow Rubber Co. v. Holtite Mfg. Co., supra, Bendix Aviation Corp. v.

Kury, 88 F.Supp. 243 (E.D.N.Y.1950). In the absence of any argument or briefing on this point, this Court will not undertake to reevaluate this doctrine in light of developing notions of jurisdiction. See, Hazard, A General Theory of State-Court Jurisdiction, 1965 Sup.Ct.Rev. 241, Wright & Miller, Federal Practice and Procedure, Civil § 1073.

4. Indeed, the Advisory Committee's Note to the 1966 revision of Rule 19 cites with approval two patent cases, A. L. Smith Iron Co. v. Dickson, 141 F.2d 3 (2nd Cir. 1944), and Caldwell Mfg. Co. v. Unique Balance Co., 18 F.R.D. 258 (S.D.N.Y.1955), that abandoned the practice of determining indispensability solely by reference to a characterization of the property interests of the present and absent parties. 39 F.R.D. 89, 92.

Accordingly, this Court must examine the factors suggested by Rule 19 before deciding whether to proceed in the absence of the co-owner of the patent. Accord, Owatonna Manufacturing Company v. Melroe Company, 301 F.Supp. 1296 (D.Minn.1969); but see Dynatech Corp. v. Frigitronics, Inc., 318 F.Supp. 851 (D.Conn.1970), Leesona v. Duplan Corporation, 319 F.Supp. 223 (D.R.I.1970).

■ At the outset it is plain that were Molinaro subject to service of process, his joinder would be appropriate under Rule 19(a). As the owner of an undivided half interest in the patent in suit, he claims an interest in the subject of this litigation equal to the plaintiff's. Moreover, defendants vigorously contend that since Molinaro would not be bound by any resolution of this case in his absence, they face a substantial risk of duplicate litigation brought by Molinaro in the future.[5] This Court agrees and therefore finds that the requirements of Rule 19(a)(2)(ii) are satisfied by the facts of this case and that a determination pursuant to Rule 19(b) is necessary.

■ The first relevant factor under Rule 19(b) is the extent to which a judgment rendered in Molinaro's absence might be prejudicial to him. Plaintiff has submitted to this Court an affidavit by Molinaro disavowing any intention of bringing any subsequent infringement action against the defendants.[6] Irrespective of whether this affidavit, as defendants contend, fails to immunize the defendants from future infringement actions brought by Molinaro, it unmistakably demonstrates that Molinaro does not feel prejudiced by the continuation of this litigation in his absence. Furthermore, the Court notes that Molinaro has joined as a plaintiff in several pending infringement actions in other districts,[7] one of which is further removed from his residence than the District of Delaware. As a result, this Court is under no compulsion to dismiss this action because of possible prejudice to Molinaro.

■ The question of possible prejudice to the defendants, however, is entitled to serious consideration. The defendants fear that should this Court determine that the patent in suit is either invalid or not infringed, Molinaro, not being bound, Blonder-Tongue Laboratories, Inc. v. University of Illinois Foundation, 402 U.S. 313, 329, 91 S.Ct. 1434, 28 L.Ed.2d 788 (1971), may relitigate those issues at a later date.[8] Such duplicate litigation, carrying the possibility of inconsistent results, is both vexatious for the defendants and inefficient for the judicial system. Defendants aptly point out that *Blonder-Tongue* was an effort by the Supreme Court to alleviate the burdens caused by relitigation of patents once held invalid.

---

5. A more detailed examination of the risk of duplicate litigation appears below.

6. The affidavit, duly notarized on April 16, 1974, provides:

    EDWARD T. MOLINARO, BEING DULY SWORN, DEPOSES AND STATES AS FOLLOWS:

    1. I am the inventor of Patent No. 2,906,875, the patent alleged by Anthony P. Catanzaro, co-owner of same, to be infringed by the defendants in Civil Action No. 4780 in the District of Delaware.

    2. By a letter dated March 21, 1974, I was requested by Mr. Catanzaro, to voluntarily appear as a plaintiff in Civil Action No. 4780, and while my commitments in other actions of infringement prevent me from this requested action in that I do not desire, at this point in time to voluntarily appear in the action referred to, I will be bound by any Orders and or Decisions given by the District Court, the same as they will be binding upon Mr. Anthony P. Catanzaro.

    3. Additionally, I will not in any subsequent action, charge infringement against any of the parties defendant in Civil Action No. 4780, and all rights I may have had are hereby waived, if and only when, instant action proceeds to a point where there lies no further appeal.

7. See note 2, supra.

8. Determinations by this Court that the patent is valid or not infringed would be binding, in this Circuit at least, against the defendants in any future litigation. Scooper, Dooper, Inc. v. Kraftco Corp., 494 F.2d 840 (3rd Cir. 1974).

On the other hand, several factors tend to reduce the risk to the defendants of the duplicate litigation they fear. First, as a practical matter Molinaro may be deterred by the *stare decisis* effect of a finding by this Court of invalidity or noninfringement. Second, Molinaro's affidavit may be held to preclude any further litigation on his part. Defendants contend that this purported waiver of further litigation may be ineffective because (a) there is no reference to any consideration received by Molinaro for this undertaking, (b) there is no statement that the affidavit is irrevocable, (c) Molinaro, proceeding without counsel, may not have understood its consequences, (d) nothing in the affidavit binds Molinaro's assigns or heirs, and (e) it does not waive the right to sue defendants' customers. This Court cannot resolve the effectiveness of this affidavit in Molinaro's absence, but for present purposes, it suffices to say that the affidavit will conceivably bar Molinaro from future litigation against the defendants. Third, the possibility that a court would award attorney fees against Molinaro should he prove unsuccessful in a future action, 35 U.S.C. § 285, might also deter him from duplicate litigation. Finally, Molinaro's refusal to join in this action while prosecuting others may support an equitable defense of laches in a future proceeding. See Briggs v. Wix Corporation, 308 F.Supp. 162 (N.D.Ill.1969).

The third relevant consideration under Rule 19(b) is whether Catanzaro will have an adequate remedy if this action is dismissed for nonjoinder.[9] Following oral argument on the motion to dismiss, this Court requested counsel for defendants to determine whether or not each defendant has a regular and established place of business in Pennsylvania, and if so, whether it makes or sells in Pennsylvania equipment alleged to be infringing in the complaint. If these requirements are met, 28 U.S.C. § 1400(b), plaintiff has an adequate forum in Pennsylvania, where he can compel Molinaro to join pursuant to Rule 19(a). According to the letter responses of defense counsel, Motorola and RCA have regular and established places of business in Pennsylvania and sell allegedly infringing products there, but neither International Telephone & Telegraph (ITT) nor Masco has a regular and established place of business in Pennsylvania. Consequently, Catanzaro has an adequate alternative forum only with respect to Motorola and RCA.

■ The balance of Rule 19(b) considerations with respect to RCA and Motorola is not difficult. Catanzaro can proceed against these defendants in Pennsylvania without subjecting them to any risk of duplicate litigation. Any interest Catanzaro may have in proceeding against all four defendants in one action is outweighed by the fact that substantial prejudice to these two defendants can be avoided by litigation in Pennsylvania, and the motions of these defendants will be granted.

■ With respect to ITT and Masco, the balance of considerations is more difficult. If the Court allows the action to proceed in the absence of Molinaro, these two defendants will be subjected to a qualified risk of duplicate litigation. If, on the other hand, this Court dismisses the action, Catanzaro will be deprived of his day in court against ITT and Masco so long as Molinaro is unwilling to join. Under the circumstances, this Court does not find the risk of duplicate litigation facing the defendants compelling. Several factors discussed earlier significantly reduce the risk to the defendants that Molinaro will bring suit in the future. The limited risk of duplicate litigation does not justify im-

---

9. The other considerations appropriate under Rule 19(b) do not require separate discussion. This Court foresees no difficulty granting relief in the absence of Molinaro. The interest of the judicial system and the public in complete, consistent, and efficient settlement of controversies, Provident Tradesmens Bank v. Patterson, 390 U.S. at 111 has been discussed in connection with the other Rule 19(b) considerations.

munizing these defendants from redress for the alleged infringement. This Court determines that in equity and good conscience, this action should proceed against ITT and Masco.

Thus, in the interest of protecting defendants from relitigation where possible, this Court feels required to reach the unusual result of finding Molinaro "indispensable" only with respect to two of the four defendants. If for any reason defendants RCA and Motorola wish to withdraw their motions to dismiss in light of the fact that this litigation will continue in Delaware against the two other defendants, this Court will allow them a brief period of time to do so.

As a final matter, Catanzaro has requested that Molinaro be made an involuntary plaintiff under the procedure established in Independent Wireless Telegraph Co. v. Radio Corp., 269 U.S. 459, 46 S.Ct. 166, 70 L.Ed. 357 (1926). In that case, the Supreme Court held that a patent owner holds title to the patent in trust for his exclusive licensee to the extent that the owner is obligated to allow use of his name in an infringement suit commenced by the licensee. If the patent owner is beyond the jurisdiction of the district court and refuses to join voluntarily, the Supreme Court held that he may be made an involuntary plaintiff: "if he declines to take any part in the case, though he knows of its imminent pendency and of his obligation to join, he will be bound by the decree which follows." 269 U.S. at 473.

■ A short answer to plaintiff's request is that co-owners of a patent have not been held to have the sort of "trust relationship" existing between a patent owner and his exclusive licensee. Rainbow Rubber Co. v. Holtite Mfg. Co., supra, Gibbs v. Emerson Electric Radio Mfg. Co., supra; see also Goldhaft v. Moorhouse, 306 F.Supp. 533 (D.Minn. 1969). However, denial of the involuntary plaintiff device to a patent co-owner on these formalistic grounds has justifiably been criticized, 3A Moore's Federal Practice ¶ 19.07, p. 2218, Wright &

Miller, Federal Practice and Procedure, Civil § 1614, p. 151. It seems anomalous as well as inconsistent with the ameliorative principles of Independent Wireless that an exclusive licensee can sue independently by resort to the involuntary plaintiff procedure while a co-owner is helpless to secure an adjudication of his rights. Nevertheless, this Court declines to make Molinaro an involuntary plaintiff because it questions on two grounds whether the Independent Wireless doctrine has any present vitality. Contra, 3A Moore's Federal Practice, supra, Wright & Miller, supra.

First, the involuntary plaintiff procedure of Independent Wireless seems unnecessary and perhaps inappropriate in light of the present Rule 19. Where a court, faced with a case in which an absent party who would otherwise be joined is beyond its jurisdiction, determines that it cannot in equity and good conscience dismiss the action, it may now proceed under Rule 19(b) without joining the absent party. The fact situation in Independent Wireless, where the absent party had only a nominal interest in the outcome of the litigation, would seem to lend itself to such a result if it arose today. Thus, plaintiffs need resort to the Independent Wireless procedure today only when the court otherwise determines that it cannot proceed without the absent party in equity and good conscience. Joinder of an involuntary plaintiff in those cases would tend to circumvent the balance of interests required by Rule 19(b).

It is true that Rule 19, both as originally promulgated and as revised, refers to the joinder of an involuntary plaintiff. The Advisory Committee Note of 1937 to the original Rule 19 cited Independent Wireless as an example of a "proper case" for the joinder of an involuntary plaintiff. 3A Moore's Federal Practice ¶ 19.01 [3], p. 2106. Nothing in the text of the original rule suggested that the district court's jurisdictional limits placed any restriction on the availability of the involuntary plaintiff

procedure.[10] However, the present Rule 19(a), where the reference to joining an involuntary plaintiff is found, is concerned only with "a person who is subject to service of process and whose joinder will not deprive the court of jurisdiction over the subject matter." The present Advisory Committee Note, 39 F.R.D. 89, makes no reference to the involuntary plaintiff procedure. It would appear that the present wording of Rule 19(a), unlike the previous Rule 19(a) and the holding of *Independent Wireless,* limits the involuntary plaintiff procedure to situations where the absent party is already found within reach of the court's process. Nothing in the present Rule 19(a) authorizes this Court to make Molinaro, who is outside the jurisdiction of this Court, an involuntary plaintiff.

Second, joinder of an absent party otherwise beyond the jurisdiction of the court as an involuntary plaintiff raises disturbing constitutional problems. Ever since International Shoe Co. v. State of Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945), it has been clear that a court may not render a judgment binding upon a person absent from the territory of the forum, consistent with due process, unless the person has sufficient contacts with the forum such that binding him does not offend "traditional notions of fair play and substantial justice." 326 U.S. at 316. See also, Fraley v. Chesapeake & Ohio R. Co., 397 F.2d 1 (3rd Cir. 1968). In the instant case, the transactional event in Delaware—the mere presence here of allegedly infringing defendants—would not seem to provide a legitimate basis for jurisdiction over Molinaro. Otherwise, ownership of a partial interest in a patent would automatically subject an individual to the jurisdiction of all dis-

trict courts where an infringer can be found and where his co-owner chooses to sue. However, Molinaro's contacts with this forum would seem to be no greater if he were sole owner of the patent and Catanzaro were the exclusive licensee, as was the factual situation in *Independent Wireless.* Thus, to the extent that the *Independent Wireless* procedure permits involuntary joinder in cases where the court would otherwise refuse to proceed under Rule 19(b), that procedure may violate accepted notions of fair play and substantial justice. Accordingly, this Court will not make Molinaro an involuntary plaintiff as requested by Catanzaro.

### ORDER

The defendants having moved to dismiss this action for failure to join an indispensable party, the Court having heard oral argument and having considered the briefs of the parties, for the foregoing reasons it is

Ordered, that unless Edward T. Molinaro joins as a party plaintiff in this action within twenty days, or unless defendants RCA and Motorola withdraw their motions within twenty days, the motions of defendants RCA and Motorola will be granted and the complaint herein will be dismissed with respect to them; and it is further

Ordered, that the motions of defendants International Telephone & Telegraph and Masco Corporation are hereby denied.

The Court is of the opinion that this Order involves a controlling question of law as to which there is substantial ground for differences of opinion and is of the belief that an immediate appeal may materially advance the ultimate termination of this litigation.

---

10. The original Rule 19(a) read:

Necessary Joinder. Subject to the provisions of Rule 23 and of subdivision (b) of this rule, persons having a joint interest shall be made parties and be joined on the same side as plaintiffs or defendants. When a person who should join as a plaintiff refuses to do so, he may be made a defendant or, in proper cases, an involuntary plaintiff.