MOORE U.S.A. INC., and Toppan Forms Co., Ltd., Plaintiffs,

v.

The STANDARD REGISTER COMPANY, Defendant.

No. 98–CV–485C(F).

United States District Court, W.D. New York.

Aug. 13, 1999.

Nixon & Vanderhye P.C. (Robert A. Vanderhye, and James D. Berquist, of counsel), Arlington, VA, and Cohen Swados Wright Hanifin Bradford & Brett (Laurence B. Oppenheimer, of counsel), Buffalo, NY, for plaintiffs.

Oblon, Spivak, McClelland, Maier & Neustadt, P.C. (Charles L. Gholz, of counsel), Arlington, VA, and Gibson, McAskill & Crosby (Brian P. Crosby, of counsel), Buffalo, NY, for defendant.

### DECISION and ORDER

CURTIN, District Judge.

### INTRODUCTION

Currently pending before the court are: (1) defendant Standard Register's motion to dismiss based on collateral estoppel (Item 16); (2) plaintiff Moore U.S.A.'s motion for summary judgment on the issue of standing (Item 30); and (3) defendant Standard Register's cross-motion for summary judgment based on lack of standing or, in the alternative, to add Toppan Forms Co., Ltd., as an indispensable party (Item 34). The court heard oral argument on these motions on April 6, 1999.

1. Standard Register did not oppose Moore

### BACKGROUND

On August 3, 1998, plaintiffs Moore U.S.A., Inc. ("Moore U.S.A.") and Toppan Forms Co., Ltd. ("Toppan Forms"), filed a complaint in the United States District Court for the Western District of New York alleging that defendant Standard Register has been manufacturing, selling, and using a pressure-sensitive adhesive which infringes United States Patent Number 4,918,128 ("the '128 patent"). Item 1. On September 28, 1998, Moore U.S.A. filed a motion to remove Toppan Forms from the pleading and to amend/supplement the complaint with a September 14, 1998, License Agreement which reflected Moore U.S.A.'s ownership interest in the '128 patent. Item 9. On October 5, 1998, the court granted Moore U.S.A.'s motion, and Moore U.S.A. filed its amended complaint. Item 12. On October 14, 1998, Standard Register responded with an amended answer, an amended motion to dismiss based on collateral estoppel, and, in the alternative to the motion to dismiss, an amended motion to transfer to the Eastern District of Virginia. Items 15–17. The court decided that it was best to decide the motion to transfer first. On December 29, 1998, the court denied Standard Register's motion to transfer. Item 29.

On January 29, 1999, Moore U.S.A. filed a motion for summary judgment. Item 30. On March 1, 1999, Standard Register responded to Moore U.S.A.'s motion and filed a cross-motion for summary judgment. Items 33 and 34. On March 22, 1999, Moore U.S.A. filed a motion to amend its amended complaint. Item 38. Moore U.S.A. argues that while it believes that the September 1998 License Agreement (Item 21) confers standing, it filed this motion to amend its amended complaint to further establish its ownership of the '128 patent and to reflect its name change to Moore North America, Inc. Item 38, at 2.1

U.S.A.'s motion to amend its complaint to

On April 6, 1999, the court heard oral argument on the cross-motions for summary judgment on the issue of standing and Standard Register's motion to dismiss. The court also granted Moore U.S.A.'s motion to amend the amended complaint (Item 38) to reflect Moore's name change to Moore North America, Inc. ("Moore North America").

On May 11, 1999, Moore North America filed another motion to amend its complaint. Item 51. Moore North America argues that it has uncovered additional acts of infringement by Standard Register. In addition to infringing the '128 patent, Moore North America alleges that Standard Register also infringes U.S.Patent No. 5,201,464 ("the '464 patent"). However, since Moore North America filed this motion after the court heard oral argument, this motion will be addressed at a later date. For now, it is better for the court to decide the initial motions filed—Items 16, 30, and 34.

## DISCUSSION

In ruling, the court must decide whether collateral estoppel bars plaintiff Moore North America's claims. If it does not, then the court must decide whether plaintiff Moore North America has standing to sue on the '128 patent. If Moore North America has standing, then the court must decide whether Toppan Forms must be joined as an indispensable party.[2]

### I. *Chronology*

On April 17, 1990, United States Patent No. 4,918,128 (the '128 patent) was issued to Tsutomu Sakai of Japan and assigned to Toppan Moore Company, Ltd. ("Toppan Moore"), also of Japan. Item 13, Exh. A. On March 20, 1997, Toppan Printing Company, Ltd. ("Toppan Printing") bought out

the remaining 10 percent of the shares of Toppan Moore from Moore Corporation Limited ("Moore Limited"), a Canadian Corporation, and Moore International B.V. ("Moore International"), a Dutch Corporation. Item 20. Pertinent to this agreement was the fact that Moore Limited could sue infringers, but only after first giving Toppan Printing or Toppan Moore the right to do so.

On October 22, 1997, Moore Limited assigned its "entire rights, title, and interest in United States Patent No. 4,918,128, entitled 'Pressure–Sensitive Adhesive,' including the right to enforce that patent and to sue for infringement, both current and past, and to collect damages arising from any such infringement" to Moore U.S.A. Item 30, Exh. C. On March 30, 1998, Toppan Moore assigned the '128 patent to Toppan Forms. This assignment was recorded in the United States Patent office at Reel 9075, Frame 0385–394. Item 38, Exh. A. On April 1, 1998, an Agreement was signed between Toppan Forms, Moore Limited, Moore International, and Moore U.S.A. which stated:

> The purpose of this Agreement is to put into writing that the agreement, dated March 20, 1997 … was always intended by Toppan Forms to grant to Moore U.S.A. Inc. ("Moore") the sole and exclusive license in the United States to use and sell and offer for sale, except to make, anything within the scope of United States Patent No. 4,918,128.

Item 10, Exh. 1.

> The Agreement also went to state that:
> Toppan Forms' intent also has always been to grant Moore [U.S.A.] the sole and exclusive right to sue for infringement of the '128 patent in Moore

reflect its name change to Moore North America, Inc. Accordingly, the caption shall be changed to reflect Moore U.S.A.'s name change to Moore North America, Inc. In this order, the names Moore U.S.A. and Moore North America, Inc., may be used interchangeably.

2. As the court stated at page 3, *supra,* since Moore U.S.A.'s most recent motion to amend its complaint (Item 51) was filed on May 11, 1999, the court will address this motion at a later date.

[U.S.A.]'s own name, and under Moore [U.S.A.]'s sole control and at Moore's sole expense, to collect damages for past, present, and future infringement of the '128 patent, and to obtain any other relief that is necessary or feasible, including the right to enjoin others from practicing invention of the '128 patent, to collect enhanced damages and/or attorney fees for willful infringement thereof, and without limitation to secure any other relief possible.

*Id.*

On September 14, 1998, an Agreement was signed between Toppan Forms and Moore Limited which stated:

1. Toppan Forms shall grant to Moore [Limited] the sole and exclusive license in the United States to use, sell, offer for sale, make and import anything within the scope of the '128 patent, with the right in Moore [Limited] to sublicense.

2. Toppan Forms shall grant to Moore [Limited] the sole and exclusive rights to sue for infringement of the '128 patent in Moore [Limited]'s own name, and under Moore [Limited]'s sole control and at Moore [Limited]'s sole expense, to collect damages for past, present and future infringement of the '128 patent, and to obtain any other relief that is necessary or feasible, including the right to enjoin others from practicing invention of the '128 patent, to collect enhanced damages and/or attorney fees for wilful infringement thereof, and without limitation to secure any other relief possible.

Item 10, Exh. 2.

On February 23, 1999, Moore Limited sold and assigned its "entire right, title and interest in United States Patent No. 4,918,128, entitled 'Pressure Sensitive Adhesive,' including the right to enforce that patent and to sue for infringement, both current and past, and to collect damages arising from any infringement" to Moore North America. Item 38, Exh. C. Standard Register did not oppose this motion,

Item 44, at 10, but argued that the February 23, 1999, Assignment should not be considered by the court because it should have been submitted with Moore U.S.A.'s opening papers in this case. However, at oral argument, the court granted Moore U.S.A.'s motion.

## II. *Collateral Estoppel*

Standard Register argues that the doctrine of collateral estoppel bars this action because on March 6, 1998, the United States District Court for the Eastern District of Virginia granted summary judgment against Moore U.S.A. and held that Moore U.S.A. lacked standing to sue for infringement of the '128 patent. *Moore U.S.A., Inc. v. Standard Register,* 97–CV–2054–A (E.D.Va. Mar. 6, 1998) (attached to Item 16 as Exh. B). Standard Register argues that the Eastern District of Virginia found that: (1) the '128 patent is owned by Toppan Forms; (2) Moore U.S.A. is a "bare" licensee (i.e., nonexclusive licensee under the '128 patent); and (3) that a "bare" licensee has no standing to bring an action for infringement of a patent, (a) even if the patentee is joined in the suit and (b) even if the agreement granting the non-exclusive license purports to give the non-exclusive licensee the right to sue in its own name. Item 16, at 1–2.

Moore U.S.A. replies that the doctrine of collateral estoppel does not apply because in contrast to the case before the Eastern District of Virginia, Moore U.S.A. is now relying on the September 14, 1998, license agreement which expands its rights as a licensee and eliminates the contract language that the Eastern District of Virginia relied on as the basis for its decision. Item 28, at 3. In addition, Moore U.S.A. argues that its additional submission of the February 23, 1999, License Agreement should clear up any confusion and establish that Moore North America is an exclusive licensee, having all substantial rights in the '128 patent.

■ The doctrine of collateral estoppel is designed to protect litigants "from the burden of relitigating an identical issue ... and [to promote] judicial economy by preventing needless litigation." *The Irish Lesbian and Gay Organization v. Giuliani*, 143 F.3d 638, 644 (2d Cir.1998) (quoting *Parklane Hosiery Co. v. Shore*, 439 U.S. 322, 326, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979)). Collateral estoppel applies "when (1) the issues presented 'are in substance the same as those resolved' in the prior litigation; (2) no 'controlling facts or legal principles have changed significantly' since the prior proceeding; and (3) no special circumstances warrant an exception to the normal rules of preclusion." *Niagara Frontier Tariff Bureau, Inc. v. United States*, 826 F.2d 1186, 1190 (2d Cir.1987) (quoting *Montana v. United States*, 440 U.S. 147, 155, 99 S.Ct. 970, 59 L.Ed.2d 210 (1979)).

■ Here, the issues are the same as those presented before the Eastern District of Virginia. However, the "controlling facts" have changed since the prior proceeding. Specifically, this case is different from that in the Eastern District of Virginia because the agreements executed on September 14, 1998, and February 23, 1999, have legal significance and affect the exclusive licensing of the '128 patent.

In the September 14, 1998, Agreement, Toppan Forms granted Moore Limited the "the sole and exclusive license in the United States to use, sell, offer for sale, make and import anything within the scope of the '128 patent...." Item 21, ¶ 1. The September 14, 1998, Agreement also states: "Toppan Forms shall grant to Moore [Limited] the sole and exclusive rights to sue for infringement of the '128 patent in Moore [Limited]'s own name, and under Moore [Limited]'s sole control and at Moore [Limited]'s sole expense, to collect damages for past, present and future infringement of the '128 patent...." *Id.*, ¶ 2. In the February 23, 1999, Agreement, Moore Limited assigned all of its rights to Moore North America. This agreement is significant because Moore North America, not Moore Limited, is the plaintiff in this case.

The September 14, 1998, and February 23, 1999, Agreements were not in effect when the Eastern District of Virginia granted summary judgment to Standard Register in its decision dated March 6, 1998. Item 16, Exh. B. The Eastern District of Virginia's decision to grant summary judgment was based on the March 20, 1997, Stock Purchase Agreement. The Eastern District reasoned that "[b]ecause the court concludes that the [March 20, 1997 Stock Purchase] Agreement does not confer upon Moore Ltd. [Limited] the status of an exclusive licensee, and because one cannot assign what one does not have, the court need not, and does not, reach the question of the validity of the Assignment [on March 22, 1997]." Item 16, Exh. B, at 10. In the present case, the language of the September 14, 1998, and February 23, 1999, Agreements change the relationship between the parties, because now Moore North America is given the exclusive right to prosecute infringers and does not need the permission of Toppan Forms before doing so.

Furthermore, Moore North America now has the exclusive license to make, use, or sell the '128 patent throughout the United States. The September 14, 1998, Agreement specifically states: "Toppan Forms shall grant to Moore [Limited] the sole and exclusive license in the United States to use, sell, offer for sale, make and import anything within the scope of the '128 patent...." Item 21, ¶ 1. In the February 23, 1999, Agreement, Moore Limited assigns these rights to Moore North America. Item 38, Exh. 1–C.

As the foregoing analysis demonstrates, the controlling facts before this court are different from those before the Eastern District of Virginia. Therefore, the court finds that the doctrine of collateral estoppel does not bar this action, and Standard Register's motion to dismiss (Item 16) is denied.

III. *Standing and Joinder of Toppan Forms as an Indispensable Party*

Moore U.S.A. argues that it has standing to bring the present action because the September 14, 1998, Agreement made it the exclusive licensee to enforce the '128 patent and Toppan Forms is not needed to be joined as an indispensable party in this action.[3]   Moore U.S.A. argues that the joinder of Toppan Forms is unnecessary because the September 14, 1998, Agreement gave to Moore U.S.A.: (1) the right of exclusivity; (2) the right to transfer; and (3) the right to sue infringers.   Moore U.S.A. argues that given this express right, the joinder of Toppan Forms is unnecessary.

Standard Register counters that Moore U.S.A.'s rights in the '128 patent are insufficient to confer standing because: (1) there is no proof that "Toppan Forms" owns the patent; rather, it appears that "Toppan Moore" does; (2) the September 14, 1998, Agreement did not grant Moore U.S.A. substantial rights in the patent because the Agreement was between Toppan Forms and Moore Limited; (3) Moore U.S.A. is not an exclusive licensee or assignee of the '128 patent; (4) the September 14, 1998, Agreement is a sham because Toppan Forms did not, and did not intend to, give the know-how or ability to make the pressure-sensitive adhesive to either Moore U.S.A. or Moore Limited; rather, Toppan Forms retains the right to make and sell the adhesive in the United States; (5) Moore U.S.A. cannot rely on the September 14, 1998, License Agreement because it was executed after this suit began; and (6) Moore U.S.A. is not an exclusive licensee because its rights in the '128 patent extend only for five years, not for the life of the patent, and so Toppan Forms is an indispensable party.

■   "It is well settled that '[w]hether a transfer of a particular right or interest under a patent is an assignment or a license does not depend upon the name by which it calls itself, but upon the legal effect of its provisions.'" *Vaupel Textilmaschinen v. Meccanica Euro Italia,* 944 F.2d 870, 875 (Fed.Cir.1991) (quoting *Waterman v. Mackenzie,* 138 U.S. 252, 256, 11 S.Ct. 334, 34 L.Ed. 923 (1891)). Here, the licensing agreements submitted to the court provide that Moore Limited shall have "the sole and exclusive license in the United States to use, sell, offer for sale, make and import anything within the scope of the '128 patent."   Item 21, ¶ 1. It also provides that "the sole and exclusive rights to sue for infringement of the '128 patent in Moore [Limited]'s own name, and under Moore [Limited]'s sole control and at Moore [Limited]'s sole expense, to collect damages for past, present and future infringement of the '128 patent. . . ." Item 21, ¶ 2. In the February 23, 1999, Agreement, Moore Limited assigns these rights to Moore North America. Item 38, Exh. 1–C.

■   However, "[t]he term of the sole and exclusive license stated above shall be five years commencing on April 1, 1997, unless otherwise agreed to in writing between Toppan Forms and Moore Limited." Item 21, ¶ 4. That is, Moore North America, by way of the February 23, 1999, Agreement, retains these rights for only five years, and not for the life of the patent, which extends until 2017.   Therefore, the possibility exists that Toppan Forms could file a separate lawsuit after Moore North America's agreement with Toppan Forms expires in 2002.

While it appears that Moore North America has standing to sue, complete relief cannot be afforded because there is a substantial risk that Standard Register could incur obligations after 2002 to Toppan Forms as well as to Moore North America.   *See Vaupel,* 944 F.2d at 876.

---

**3.**   The court notes that Toppan Forms and Moore U.S.A. were the original plaintiffs in this action.  Item 1. However, when the court granted Moore U.S.A.'s motion to amend its complaint and incorporate the September 14, 1998 Agreement, the court also granted Moore U.S.A.'s motion to remove Toppan Forms from the complaint.  Item 12.

Under Rule 19 of the Federal Rules of Civil Procedure, a party is necessary if "complete relief cannot be accorded among those already parties," or if the disposition of an action may leave "persons already parties subject to a substantial risk of incurring double, multiple or otherwise inconsistent obligations." *Vaupel,* 944 F.2d at 876 (quoting Fed.R.Civ.P. 19(a)).

While Moore U.S.A. relies on the Federal Circuit's holding in *Vaupel* to support its argument for standing and not joining Toppan Forms as an indispensable party, the court finds the present case distinguishable from *Vaupel,* because Toppan Forms retains a reversionary interest in the patent. The five-year exclusive license to Moore U.S.A., now Moore North America, is finite and not for the life of the patent. In contrast, the reversionary interest in *Vaupel* was triggered only in the case of bankruptcy, which might have never occurred.

Furthermore, while Moore U.S.A. argues that the risk of multiple lawsuits is insubstantial and cites *Catanzaro v. Int'l Telephone and Telegraph,* 378 F.Supp. 203 (D.Del.1974), for the proposition that patent owners are not per se indispensable parties in infringement actions, *see* Item 40 at 14, the fact remains that Toppan Forms retains the right to sue after Moore U.S.A.'s/Moore North America's exclusive rights in the patent expire in 2002.[4] The court finds that this fact is significant because it indicates that Toppan Forms still retains substantial rights in the patent.

In addition, while Moore U.S.A. has the exclusive rights to use, make, and sell the '128 patent until 2002, the fact remains that Moore U.S.A. does not manufacture the patented adhesive. Rather, Toppan Forms manufactures the adhesive in Japan, and Moore U.S.A. has agreed to purchase the adhesive only from Toppan Forms. While the court acknowledges that having an exclusive patent right also allows one to decide not to sit on those rights, the combination of the above factors leads the court to the conclusion that Toppan Forms retains substantial rights in the '128 patent and should be joined as an indispensable party.

As a practical matter, it appears that it will be much easier to obtain the discovery necessary for the resolution of this action if Toppan Forms is a party as opposed to a nonparty. Further, by making Toppan Forms a party to the lawsuit, the potential prejudice and risk of multiple lawsuits to Standard Register will be greatly decreased.

Accordingly, defendant's motion to add Toppan Forms as an indispensable party is granted.

### CONCLUSION

Based on the foregoing, defendant Standard Register's motion to dismiss (Item 16) is denied. Moore U.S.A.'s motion for summary judgment on the issue of standing (Item 30) and defendant Standard Register's cross-motion on this same issue (Item 34) are granted, in that Toppan

---

4. In *Catanzaro,* the co-owner of the patent, Edward Molinaro, was found to be an indispensable party to two of the four defendants, even though he filed an affidavit with the court that he would be bound by any orders of the court and that he would not bring any subsequent infringement action against any of the parties in the lawsuit. *Catanzaro,* 378 F.Supp. at 206–07. However, in *Parkson Corp. v. Fruit of the Loom, Inc.,* 28 U.S.P.Q.2d 1066, 1992 WL 541570 at *4 (E.D.Ark. Dec.10, 1992), the court found that the defendant was protected against future litigation based on the equitable doctrines of laches and collateral estoppel because the patent owner, a German sole proprietorship, filed a declaration with the court that "he has no intent or interest in becoming involved in the litigation relating to the ... Patent, and that he will be bound by the outcome of this action." In the case at bar, this has not occurred—i.e., the court has not received any affidavits or assurances from Toppan Forms that it will not choose to litigate after Moore U.S.A.'s license expires in 2002—so the case at bar is distinguishable from *Parkson.*

Forms must be added as an indispensable party.

As was stated at oral argument on April 6, 1999, plaintiff Moore U.S.A.'s motion to amend its amended complaint reflecting its name change to Moore North America, Inc., and adding the February 23, 1999 Agreement (Item 38), is not opposed by defendant Standard Register and therefore is granted. Accordingly, Moore U.S.A. shall file an amended complaint to reflect its name change to Moore North America, Inc., and Toppan Forms shall be added as a plaintiff.

The court will hold a telephone conference with counsel on August 26, 1999 at 10 a.m. to discuss the '464 patent and the status of the case. In the meantime, discovery shall proceed on the '128 patent.

So ordered.